IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HOLLI DAVIS, Individually,
and as Parent and Guardian of
LUKE DAVIS, a minor,

        Plaintiff,

v.                                             CIVIL ACTION NO.  5:10-cv-00384

THE UNITED STATES OF AMERICA,

        Defendant.

**ORDER**

The Court has reviewed the *United States' Objection and Motion In Limine to Prohibit the Testimony of Ann Koerner, RN, BSN, CRRN, and William E. Cobb, Ph.D.* (Document 119) and *United States' Motion In Limine Prohibit/Limit the Testimony of Ann Koerner, RN, BSN, CRRN, Elizabeth Davis, RN, MS, CRRN, CLCP, CRC, and William E. Cobb, Ph.D and Objection.* (Document 120). The Court has also reviewed Plaintiff's responses, all supporting memoranda and all written submissions relative thereto.

The United States objects and moves *in limine* to exclude Ms. Koerner's testimony and report, as well as Dr. Cobb's testimony based on her report. (Document 119).  After review of Ms. Koerner's report (Document 101 Ex.1), the Court finds that the report does not comply with the Court's Order (Document 104), which permitted Ms. Koerner to issue an expert report and be called as a rebuttal witness, "but only for the limited purpose of the applicability of the Medicare and Medicaid set-offs in Luke's life care plan." (Document 104 at 4.) Ms. Koerner, in fact, submitted a complete life care plan, which greatly exceeds the authority granted to her by the

Case 5:10-cv-00384   Document 127   Filed 10/14/11   Page 2 of 3 PageID #: 2571

Order. Thus, the Court grants the United States' motion to the extent that Ms. Koerner's report and testimony will be inadmissible except for the portions that address the Medicare and Medicaid set-offs.  Accordingly, the portions of Ms. Koerner's report that do not relate to the Medicare and Medicaid set-offs shall be stricken. Further, the Court grants the United States' motion to the extent that Dr. Cobb may not use in his testimony any information contained in Ms. Koerner's report beyond the Medicare and Medicaid set-offs.

The United States also objects to the testimony of Ms. Koerner, Ms. Davis and Dr. Cobb because their respective expert reports were not timely supplemented, and the supplemental reports go far beyond the reason given by Plaintiff for the late supplemental report. (Document 120 at ¶¶ 1,2).  First, Plaintiff argues that because the report by Ms. Davis served as a post-operative update, she also incorporated the change in Luke's condition since her initial report in 2009. (Document 122 ¶ 3.)  Second, Plaintiff argues that Ms. Davis's supplemental report does not prejudice Defendant because she adopted and incorporated several of Defendant's expert, Dr. Matthews' options for baby Luke's treatment. (Document 122 ¶ 4.)  Third, Plaintiff argues that Dr. Cobb must be able to bring his figures to present day value or the analysis is useless. (Document 122 ¶ 1.)  After careful consideration of the parties' arguments, the Court finds that Ms. Koerner, Ms. Davis and Dr. Cobb should be permitted to testify to the nature or substance of the most recent surgery.  The Court finds that such testimony, given the overall nature of the allegations, would not come as a surprise to Defendant, and that Defendant is not prejudiced thereby.  Thus, the Court denies the motion.

Finally, the United States moves *in limine* to exclude the testimony of Ms. Koerner, Ms. Davis and Dr. Cobb because their respective reports did not include language that they hold their opinions as to future damages to a "reasonable degree of certainty." (Document 120 ¶ 3.)  The

Court will hold the motion in abeyance pending the Court's opportunity to hear the witnesses' testimony.

WHEREFORE, the Court **ORDERS** that the *United States' Objection and Motion In Limine to Prohibit the Testimony of Ann Koerner, RN, BSN, CRRN, and William E. Cobb, Ph.D.* (Document 119) be **GRANTED.** Further, the Court **ORDERS** that the portions of Ms. Koerner's report that do not relate to the Medicare and Medicaid set-offs shall be **STRICKEN**.

Additionally, the Court **ORDERS** that the *United States' Motion In Limine to Prohibit/Limit the Testimony of Ann Koerner, RN, BSN, CRRN, Elizabeth Davis, RN, MS, CRRN, CLCP, CRC, and William E. Cobb, Ph.D. and Objection* (Document 120) be **DENIED IN PART** and the issue relative to the experts' reports be **HELD IN ABEYANCE.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

    ENTER:    October 13, 2011

*Irene C. Berger*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA